IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| American Dairy Queen Corporation, : <br> :      Plaintiff, : <br> : <br> v. : <br> : <br> Grille and Chill, LLC : <br> :      Defendant : | CIVIL ACTION <br><br> NO. _____ <br><br> **COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF** |

Plaintiff American Dairy Queen Corporation ("ADQ"), for its Complaint against the above named Defendant, states and alleges as follows:

## THE PARTIES

1. Plaintiff ADQ is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 7505 Metro Boulevard, Edina, Minnesota. ADQ is the franchisor in the Dairy Queen® franchise system. ADQ is the owner of the federally registered service marks GRILL & CHILL® (Reg. No. 2,592,943), DQ GRILL & CHILL® (Reg. No. 2,592,944), and DQ GRILL & CHILL and Design® (Reg. No. 2,618,161) ("ADQ's Marks"), among many other marks, which it uses and licenses to ADQ franchisees throughout the United States and North America.

2. Defendant Grille And Chill, LLC ("Defendant") is, upon information and belief, a Pennsylvania limited liability company with a registered

company address of 39 Overview Drive, Hummelstown, PA 17036, which owns and operates a restaurant at 7710 Allentown Boulevard, West Hanover Township (also referred to as Harrisburg), Pennsylvania.

## NATURE OF THE ACTION; JURISDICTION OF THE COURT

3.      This is an action for service mark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, 54 Pa. C.S. § 1123, and common law unfair competition.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

6.      Since at least as early as 2001, ADQ and its franchisees have used ADQ's Marks in connection with restaurant services and carry-out food services throughout the United States, including within the Commonwealth of Pennsylvania and within this judicial district. All use of ADQ's Marks by its franchisees inures to the benefit of ADQ.

7.      Currently, ADQ's franchisees operate more than 1,500 DQ GRILL & CHILL® restaurants throughout the United States, all of which display and promote ADQ's Marks on exterior and interior signage as well as on menu boards, posters and other point of sale materials.

8. ADQ is the owner of the following valid and subsisting incontestable U.S. federal service mark registrations that consist, in whole or in part, of ADQ's mark GRILL & CHILL® (Certificates of Registration attached hereto as Ex. A):

| Mark | Reg. No./ Date Registration granted | Class | Goods/Services |
|---|---|---|---|
| GRILL & CHILL | 2,592,943 July 9, 2002 | 42 | Restaurant services and carry-out food services |
| DQ GRILL & CHILL | 2,592,944 July 9, 2002 | 42 | Restaurant services and carry-out food services |
| DQ GRILL & CHILL and Design | 2,618,161 July 9, 2002 | 42 | Restaurant services |

9. ADQ's Marks are inherently distinctive. In addition, ADQ and its franchisees have, for the past 14 years, spent large sums of money advertising and promoting ADQ's Marks throughout the United States. This extensive use and promotion of ADQ's Marks has resulted in those Marks being distinctively associated in the minds of the consuming public with restaurant services and carry-out food services emanating exclusively from ADQ and its franchisees.

DEFENDANT'S ACTIVITIES GIVING RISE
TO VIOLATIONS OF LAW

10. On or about January, 2015, long subsequent to ADQ's establishment of rights in ADQ's Marks, and without ADQ's authorization, Defendant began operating a restaurant at 7710 Allentown Boulevard, West Hanover Township (also referred to as Harrisburg), Pennsylvania, within this

judicial district, or elsewhere within this judicial district, using the service marks GRILLE AND CHILL and GRILLE AND CHILL DRIVE IN. Defendant offers restaurant and carry-out services under these marks, including some of the same food items that ADQ and its franchisees offer under ADQ's Marks, such as hamburgers, chicken sandwiches, hot dogs and ice cream.

11. There is at least one GRILL & CHILL® restaurant owned and operated by a franchisee in ADQ's system that is located less than 15 miles from Defendant's restaurant, at 331 N Enola Rd, Enola, PA 17025.

12. On information and belief, Defendant subsequently adopted and used, or intends to use, the equally infringing mark THE CHILL GRILLE for restaurant and carry-out services.

13. Defendant's use of the marks GRILLE AND CHILL, GRILLE AND CHILL DRIVE IN and THE CHILL GRILLE in connection with its restaurant is likely to cause confusion, or mistake, or to deceive members of the public and members of the trade into believing that its unauthorized use of the mark is sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with, ADQ or its services.

14. For example, Defendant's exterior signage displays the GRILLE AND CHILL and GRILLE AND CHILL DRIVE IN marks:

Case 1:15-cv-02430-CCC   Document 1   Filed 12/17/15   Page 5 of 15





15.     Defendant has also operated a website at www.grilleandchill.com.

16.     On its grilleandchill.com website, Defendant displayed its logo mark as follows:



17.     Defendant also displayed a copy of its menu on its website, which reflected its name and logo mark as GRILLE AND CHILL:





18.     Defendant also operates a Facebook page, at https://www.facebook.com/GrilleandChillDriveIn/timeline?ref=page_internal, on which it refers to itself as both GRILLE AND CHILL and GRILLE AND CHILL DRIVE IN, as reflected in these posts dated December 9 and December 10, 2015:





19.  ADQ wrote to Defendant on July 1, 2015, to request that it stop all use of the GRILLE AND CHILL mark, and any other mark confusingly similar

to ADQ's Marks. Defendant did not respond to the July 1, 2015 demand letter and continued to use the infringing mark.

20. Immediately after receiving notice from ADQ of its lawful rights to and ownership of ADQ's Marks, on July 5, 2015, Defendant filed a service mark application with the United States Patent and Trademark Office ("USPTO") to register GRILLE AND CHILL DRIVE IN (Application Serial No. 86683333).

21. ADQ, through its counsel, wrote Defendants on August 5, 2015, once again informing it that it was infringing ADQ's GRILL & CHILL® Marks and demanding that it cease doing so. Defendant did not respond to the August 5, 2015 demand letter.

22. On August 28, 2015, counsel for ADQ left a voicemail for Defendant regarding its infringement of ADQ's GRILL & CHILL® Marks and requested a return phone call. Defendant did not return ADQ's counsel's phone call.

23. ADQ, through its counsel, wrote Defendant again on September 8, 2015, demanding that it cease all use of GRILLE AND CHILL and any other name or mark confusingly similar to ADQ's GRILL & CHILL® Marks. Defendant did not respond to the September 8, 2015 demand letter.

24. On October 28, 2015, ADQ, through its counsel, wrote Defendant, demanding that it change its mark GRILLE AND CHILL, abandon its application for GRILLE AND CHILL DRIVE IN (Application Serial No. 86683333) pending with the USPTO, and attached a draft complaint for injunctive and other relief.

25. On November 3, 2015, Defendant expressly abandoned its application for GRILLE AND CHILL DRIVE IN (Application Serial No. 86683333).

26. Also on November 3, 2015, Defendant adopted the equally infringing mark THE CHILL GRILLE, and filed a service mark application to register THE CHILL GRILLE with the USPTO (Application Serial No. 86808215). In the application, Defendant stated that it has a bona fide intent to use the mark THE CHILL GRILLE in commerce for, *inter alia*, restaurant services, namely, providing of food and beverages for consumption on and off the premises.

27. Defendant has acted, and continues to act, without regard to ADQ's intellectual property rights and good will. Counsel for ADQ sent email correspondence to Defendant on November 10, 2015, demanding that Defendant abandon its application for THE CHILL GRILLE (Application Serial No. 86808215) and select another mark that does not infringe ADQ's GRILL & CHILL® Marks. Defendant did not respond.

28. Counsel for ADQ left a voicemail for Defendant and sent follow-up email correspondence to Defendant on November 20, 2015, requesting a response. Defendant did not respond.

29. Defendant's unauthorized use of the marks GRILLE AND CHILL, GRILLE AND CHILL DRIVE IN, and THE CHILL GRILLE, which are confusingly similar to ADQ's Marks, has significantly injured ADQ and will continue to do so unless immediately enjoined. Specifically, Defendant (a) has traded on and threatens to further trade on the significant and valuable good will in ADQ's marks; (b) is likely to cause public confusion as to the source, sponsorship or affiliation of Defendant's services; (c) has damaged and threatens to further damage ADQ's significant and valuable good will in ADQ's Marks; (d) has injured and threatens to further injure ADQ's right to use ADQ's Marks as the exclusive indicia of origin of ADQ's services in Pennsylvania and throughout the United States.

30. Upon information and belief, unless enjoined by this court, Defendant will continue to unlawfully use the marks GRILLE AND CHILL, GRILLE AND CHILL DRIVE IN, THE CHILL GRILLE, or other marks which are confusingly similar to the ADQ Marks, to promote and sell its services.

31. ADQ has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## SERVICE MARK INFRINGEMENT IN VIOLATION OF FEDERAL LAW

32. Paragraphs 1 through 31 are incorporated by reference herein.

33. Defendant's conduct as described above constitutes service mark infringement in violation of 15 U.S.C. §1114.

34. The willful nature of Defendant's unlawful conduct renders this an "exceptional case" within the meaning of 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN AND
## UNFAIR COMPETITION IN VIOLATION OF FEDERAL LAW

35. Paragraphs 1 through 34 are incorporated by reference herein.

36. Defendant's conduct as described above constitutes false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a).

37. Defendant's willful misconduct renders this an "exceptional case" within the meaning of 15 U.S.C. §1117(a).

## THIRD CLAIM FOR RELIEF
## SERVICE MARK INFRINGEMENT
## IN VIOLATION OF PENNSYLVANIA COMMON LAW

38. Paragraphs 1 through 37 are incorporated by reference herein.

39. Defendant's conduct as described above constitutes service mark infringement in violation of ADQ's rights under the common law of Pennsylvania.

40. As a direct and proximate result of Defendant's infringement, ADQ has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

41. Defendant's misconduct has been committed with the intent to cause confusion or mistake or to deceive, and in willful, deliberate and intentional disregard of ADQ's rights.

### FOURTH CLAIM FOR RELIEF
### UNFAIR COMPETITION IN VIOLATION OF
### PENNSYLVANIA COMMON LAW

42. Paragraphs 1 through 41 are incorporated by reference herein.

43. Defendant's conduct constitutes unfair competition in violation of ADQ's rights under the common law of Pennsylvania.

44. As a direct and proximate result of Defendant's unfair competition, ADQ has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

45. Defendant's acts were taken with the intent to cause confusion or mistake or to deceive, and in willful, deliberate and intentional disregard of ADQ's rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter an order and judgment against Defendant:

    A.    Permanently and preliminarily enjoining and restraining Defendant and its principals, officers, directors, shareholders, partners, agents, servants, employees, parents, subsidiaries, and affiliates, and all persons acting in active concert or participation with any of them, from:

    (1)    Using the marks GRILLE AND CHILL, GRILLE AND CHILL DRIVE IN, THE CHILL GRILLE, or any other mark confusingly similar to ADQ's Marks, in connection with restaurant services or any other services related to those of ADQ;

    (2)    Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or deception among members of the public or members of the trade as to the source, sponsorship, affiliation or approval of Defendant's services;

    B.    Directing that Defendant, at its own expense, recall and destroy all signage, menus, marketing, promotional and advertising materials, and edit any websites, that bear or incorporate any mark or design featuring the marks GRILLE AND CHILL, GRILLE AND CHILL DRIVE IN, THE CHILL GRILLE, or any other mark confusingly similar to ADQ's Marks;

    C.    Directing that Defendant, at its own expense, change its business name or dissolve the company in order to cease infringing ADQ's Marks;

      D.      Directing that Defendant, at its own expense, expressly abandon its application for THE CHILL GRILLE which it filed with the USPTO (Application Serial No. 86808215) or, alternatively, directing the USPTO to refuse said application;

      E.      Directing that, within thirty (30) days from the date of the order, Defendant deliver to ADQ's attorneys or representatives an affidavit testifying that all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, advertisements, documents, and electronic media in its possession or under its control bearing the infringing mark have been destroyed;

      F.      Directing Defendant to file with this Court and to serve upon ADQ, within thirty (30) days after issuance of an injunction in this action, a written report, under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

      G.      Awarding ADQ as damages Defendant's profits generated in connection with its use of the infringing mark;

      H.      Awarding ADQ all damages permitted by 15 U.S.C. §1117, including but not limited to treble damages;

      I.      Awarding ADQ its reasonable attorneys' fees and costs incurred in this action; and

   J. Awarding ADQ such other and further relief as this Court deems just and proper.

Dated:  December 17, 2015   Respectfully submitted,

           /s/ *Tucker R. Hull*
          Justin G. Weber (PA 89266)
          Tucker R. Hull (PA 306426)
          PEPPER HAMILTON LLP
          Suite 200
          100 Market Street
          P.O. Box 1181
          Harrisburg, PA  17108-1181
          717.255.1155
          717.238.0575 (Fax)
          weberjg@pepperlaw.com
          hulltr@pepperlaw.com

          Sheldon H. Klein
          Gray, Plant, Mooty, Mooty & Bennett, PA
          The Watergate
          600 New Hampshire Avenue, NW
          Suite 700
          Washington, DC 20037
          202.295.2200
          202.295.2250 (Fax)
          sheldon.klein@gpmlaw.com
          (*Pro Hac Vice* Motion to be filed)

          *Attorneys for Plaintiff*
          *American Dairy Queen Corporation*